CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 24, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEYANTA LAMONT MOORE,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>  )<br>WARDEN AT KMCC,  )<br>    Defendant.  ) | Civil Action No. 7:23-cv-00493<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

Keyanta Lamont Moore, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, Civil Action No. 7:23-cv-439, which was severed into several actions, including the above-captioned matter against the Warden at Keen Mountain Correctional Center (KMCC). The defendant, Warden Israel Hamilton, moves to dismiss. (Dkt. No. 18.) Moore responded to the motion with a legal memorandum and two property inventory sheets. (Dkt. Nos. 22, 22-1, 22-2.) Defendant's motion will be granted.

I. BACKGROUND

The court severed Moore's original action into eight total cases. This case (New Lawsuit One) involves the allegations in paragraph 7 against the Warden, which "allege that the Warden failed to take steps after Moore reported that he was being denied eating utensils and a toothbrush." (Dkt. No. 1-1 at 6.) Moore has now filed an amended complaint which alleges two claims.

First, he complains that there was a laundry shortage at KMCC, and inmates have been wearing the same dirty clothes and showering with the same dirty rags. He complains that "we will be lucky to change out certain cloth[ing] items once maybe twice a month." (Dkt. No. 12 at 3.) Moore says that he explained this to the Warden, and he "act like he don't care." (*Id.*)

Second, Moore reiterates his complaints about not receiving a spork or a toothbrush. When Moore asked about not having a spork, the Warden told him to "improvise." (*Id.* at 4.) When plaintiff complained about not having access to his toothbrush, an officer smiled and said, "you are not allowed one." (*Id.*) Moore also informed the Warden that an officer refused to issue his toothbrush to him. He states that he went two weeks without brushing his teeth, and he requests $50,000 in damages. (*Id.* at 5.)[1]

## II. ANALYSIS

### A. Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

---

[1] The court notes that on the same day he filed his amended complaint, Moore filed a letter requesting that certain claims be added against Sgt. Boyd. (Dkt. No. 11.) Boyd is not a party to this action and has not been served. Instead, Boyd is a defendant in the original lawsuit, Case No. 7:24-cv-439 (W.D. Va.). The court has made clear that the sole defendant in this action is the KMCC Warden, and Moore has not moved for leave to amend asking that Boyd be added to this lawsuit. In this and other actions, the court has denied Moore's requests to amend his complaint in piecemeal fashion. (*See* Dkt. No. 10.) To the extent that his letter could be construed as another motion to amend, it is denied for the same reasons stated in the court's previous orders.

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, Civil No. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B.  Deliberate Indifference—Conditions of Confinement**

The Eighth Amendment, which prohibits infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, applies to claims by prisoners against corrections officials challenging conditions of confinement. *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). Whether an inmate's conditions of confinement amount to "cruel and unusual punishment" must be measured against "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

An Eighth Amendment conditions of confinement claim includes an objective and a subjective component. First, a plaintiff inmate must demonstrate that the alleged deprivation was objectively, sufficiently serious. *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). "To be 'sufficiently serious,' the deprivation must be 'extreme'—meaning that it poses a 'serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of serious harm resulting from . . . exposure to the challenged conditions.'" *Id.* (quoting *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)). To satisfy the subjective prong, a plaintiff must demonstrate that prison officials acted with "deliberate indifference." *Id.*

"To prove deliberate indifference, plaintiffs must show that 'the official knew of and disregarded an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "Deliberate indifference is 'more than mere negligence,' but 'less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result.'" *Id.* (quoting *Farmer*, 511 U.S. at 835).

Under the objective prong of the analysis, Moore has not alleged the existence of any extreme deprivations that would be actionable under the Eighth Amendment even if defendant knew of the deprivations. Courts have routinely held, for example, that wearing dirty clothes, although unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim. *See DeFour v. White*, Case No. 7:22cv00703, 2024 WL 1337203, at *13 (W.D. Va. Mar. 28, 2024) (collecting cases finding that denial of clean clothes for 12 days, two weeks, and 111 days is not cruel and unusual punishment). Similarly, courts have held that denial of a toothbrush for a limited time does not meet the objective standard of the Eighth Amendment. *See Babb v. Hayes*, Civil Action No. 7:22-cv-00590, 2023 WL 3304537, at *4 (W.D. Va. May 8, 2023) (collecting cases). However, in some cases, deprivation of hygiene items for an extended time that causes injury might establish an Eighth Amendment violation, *see id.*

In his response to the motion to dismiss, Moore cites a case for the proposition that soap and a toothbrush are "essential articles of hygiene." (Dkt. No. 22-1 at 6 (quoting *McCray v. Burrell*, 516 F.2d 357, 367 (4th Cir. 1975).) *McCray*, however, involved significantly different allegations. McCray appeared to be suffering from a mental health crisis and was deprived of many items while in protective isolation. In addition to soap and a toothbrush, McCray was deprived of "heat, clothes and blankets, and he was furnished only a deteriorated mattress in which he scooped out a resting place for himself." 516 F.2d at 368. Even so, the court found

4

that these more extreme conditions of confinement "per se do not mount up to a denial of his rights under the eighth amendment." *McCray*, 516 F.2d at 368.[2]

While the deprivation of hygiene items can, in some circumstances, form the basis for an Eighth Amendment violation, they cannot in this case because Moore "does not allege any harm from those conditions." *Babb*, 2023 WL 3304537, at *4. He does not allege any injury resulting from lack of eating utensils, clean clothes, or a toothbrush for a two-week period. *See also Willis v. Clark*, No. 3:12-cv-03452, 2012 WL 5397115, at *5 (S.D.W. Va. Oct. 9, 2012) (allegations of two-day deprivation of eating utensils do not support an Eighth Amendment conditions claim). Moreover, under the subjective part of the analysis, Moore has not plausibly alleged that Warden Hamilton disregarded any excessive risks to Moore's safety by virtue of not having these items.

Moore also cites a case that explains how a supervisory official can be held liable for a constitutional violation under § 1983. (Dkt. No. 22-1 at 5–6 (citing *Williams v. Smith*, 781 F.2d 319 (2d Cir. 1986).) Assuming, without deciding, that Moore had adequately alleged Hamilton's personal involvement, Moore's complaint is deficient as to supervisory liability because it does not state an underlying constitutional violation in the first instance.

For these reasons, the court will grant defendant's motion to dismiss.

---

[2] Instead, the court found an Eighth Amendment violation based on the use of "protective measures" in the form of nude isolation during a mental health crisis when a mental health professional was not contacted promptly. *McCray*, 516 F.2d at 368–69.

## III.  CONCLUSION

The court will grant the motion to dismiss without prejudice, with leave to amend, in an appropriate order.

Entered: March 24, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge